FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2007 NOV 19  P 3: 32

CLERK US ...
ALEXANDRIA, VIRGINIA

MYRON ADINIG, )
6631 Wakefield Drive )
Unit 201 )
Alexandria, VA 22307, )
)
    Plaintiff )
)
v. )  Civil Action No. 1:07 CV 1172
) LMB/BRP
TRANSWORLD SYSTEMS, INC., )
d/b/a Credit Management Services )
4560 South Boulevard, No. 100 )
Virginia Beach, VA  23452, )
)
    Defendant. )
)

## COMPLAINT

Plaintiff Myron Adinig ("Adinig"), by his undersigned counsel, brings this action against Defendant Transworld Systems, Inc. ("Transworld"), and for his complaint in this action states as follows:

1.    This Court has jurisdiction of this matter under 15 U.S.C. § 1692k and 28 U.S.C. § 1331.

2.    Plaintiff Adinig (an individual) is a resident of Fairfax County, Virginia.

3.    Defendant Transworld is a California corporation doing business in Virginia under the name of Credit Management Services at 4560 South Boulevard, No. 100, Virginia Beach, VA 23452.

4.    Transworld engages in the business of acquiring consumer debts payable to others for the purpose of collection when those debts are in default.

5. Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another by consumers to pay money arising out of transactions in which the money, property, insurance, or services which are the subject of the transactions are primarily for personal, family, or household purposes.

6. Defendant regularly uses the mails and other instrumentalities of interstate commerce in its collection of or attempts to collect debts owed or due or asserted to be owed or due another by consumers.

7. On or about November 20, 2006, Transworld, through its agent David H. Gouger, P.C., which was itself a debt collector under the Fair Debt Collection Practices Act, filed a warrant in debt against Adinig in Civil Action No. GV06-31837 in the General District Court for Fairfax County ("Fairfax County Action").

8. The warrant in debt that Transworld filed against Adinig sought recovery from Adinig of a debt that Transworld alleged that Adinig owed the Jow Hop Kuen Gung Fu Academy ("Academy") of Silver Spring, Maryland for martial arts training that Adinig sought for personal reasons.

## COUNT I
## Violation of 15 U.S.C. § 1692f

9. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 8 as if the same were fully set forth herein.

10. Attached to the warrant in debt that Defendant filed against Adinig in the Fairfax County Action on November 20, 2006 was a document which purported to be an enrollment application for Adinig with the Academy.

11. This same enrollment application was also attached to a bill of particulars that Transworld filed against Adinig on January 12, 2007 in the Fairfax County Action.

12. The enrollment application attached to the warrant in debt and the bill of particulars in the Fairfax County Action contains Adinig's name and address as well as his social security number and date of birth.

13. Because the warrant in debt and the bill of particulars in the Fairfax County Action are public documents, the enrollment application with Adinig's social security number and date of birth are also available to the public.

14. By disclosing Adinig's social security number and date of birth to the public, Transworld subjected Adinig to identity theft and therefore used an unfair or unconscionable means to attempt to collect a debt.

## COUNT II
### Violation of 15 U.S.C. § 1692e(2)(A)

15. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 14 as if the same were fully set forth herein.

16. Both the warrant in debt and the bill of particulars in the Fairfax County Action asserted that Adinig owed Transworld the sum of $4,391.00.

17. In fact the assertion that Adinig owed Transworld $4,391.00 was false because Adinig did not owe Transworld anything.

18. In the alternative to the allegations of the preceding paragraph, the assertion that Adinig owed Transworld $4,391.00 was false because the amount that Adinig may have owed to Transworld was far less than that.

## COUNT III
## Violation of 15 U.S.C. § 1692e(2)(A) and § 1692e(10)

19. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 18 as if the same were fully set forth herein.

20. The warrant in debt that Transworld filed in the Fairfax County Action states that Adinig owed Transworld six per cent interest on the sum of $4,391 since March 24, 2004.

21. The bill of particulars that Transworld filed in the Fairfax County Action states that Adinig owed Transworld six per cent interest on the sum of $4,391 since May 1, 2004.

22. Transworld's inconsistent filings show that Transworld misrepresented the date from which interest began to accrue (and therefore the amount of interest that Adinig owed) either in its warrant in debt or in its bill of particulars since the different dates both cannot be right.

## COUNT IV
## Violation of 15 U.S.C. § 1692e(2)(A) and § 1692f(1)

23. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 21 as if the same were fully set forth herein.

24. In the alternative to the allegations of paragraph 22, interest did not begin to accrue until 2006 on the sum of $4,391 that Transworld alleges that Plaintiff owed.

25. In stating that interest was due from some date in 2004 rather than 2006, Transworld falsely represented the amount of the debt that Adinig allegedly owed.

26. Transworld's demand for interest from 2004 constituted the collection of interest that was neither expressly authorized by the agreement creating the debt nor permitted by law.

›

## COUNT V
## Violation of 15 U.S.C. § 1692e(2)(A)

27. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 18 as if the same were fully set forth herein.

28. Defendant stated in the bill of particulars filed in the Fairfax County Action that Adinig owed the sum of $399.00 for finance charges.

29. After Adinig filed a counterclaim in the Fairfax County Action for violation of the Truth in Lending Act because of the Academy's failure to provide the disclosures required by law for such finance charges, Transworld later claimed that the sum of $399.00 was for service charges rather than finance charges.

30. In alleging that Adinig owed the sum of $399.00 for finance charges, Transworld misrepresented the character or status of the debt.

## COUNT VI
## Violation of 15 U.S.C. § 1692e(2)(A)

31. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 18 as if the same were fully set forth herein.

32. The affidavit that Transworld submitted as an attachment to the warrant in debt filed against Defendant Adinig states that the amount due from Adinig was for an open credit account.

33. The statement that the amount due from Adinig was for an open credit account falsely represented the character and status of the debt since the debt of Adinig was for closed end credit.

## COUNT VII
## Violation of 15 U.S.C. § 1692f

34. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 21 and 27 through 28 as if the same were fully set forth herein.

35. In the alternative to the allegations of paragraphs 29 and 30, Defendant's demand for six per cent interest in addition to the ten per cent finance charges due under the agreement was usurious and therefore constituted an unfair or unconscionable means to collect or attempt to collect a debt.

## COUNT VIII
## Violation of 15 U.S.C. § 1692f

36. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 18 and 27 through 28 as if the same were fully set forth herein.

37. In the alternative to the allegations of paragraphs 29, 30, and 35, the finance charges allegedly due under the agreement between Adinig and the Academy were usurious under the law of Maryland, where the contract was purportedly executed and to be performed.

38. The alleged agreement under which Transworld sought to recover from Adinig in the Fairfax County Action was also unlawful, and therefore nothing was due under it, because the Academy was not registered with the Consumer Protection Division of the Office of the Maryland Attorney General and therefore could not legally sell Adinig the services for which Transworld sought to recover from Adinig.

## COUNT IX
## Violation of 15 U.S.C. § 1692e(10)

39. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 18 as if the same were fully set forth herein.

40. Transworld filed a motion in the Fairfax County Action to amend its previously filed bill of particulars against Adinig.

41. Transworld's motion to amend the bill of particulars states that Transworld, as the assignee of C & P Construction, moves to amend the bill of particulars.

42. Transworld's statement that it was the assignee of C & P Construction is false.

WHEREFORE Plaintiff demands judgment against Defendant for actual and statutory damages of no less than $12,000, interest on all damages to the date of judgment, and Plaintiff's reasonable attorney's fees as well as all costs and expenses incurred in the prosecution of this action.

MYRON ADINIG
By Counsel

*Ernest P. Francis*

Ernest P. Francis
VSB No. 27276
Attorney for Plaintiff
ERNEST P. FRANCIS, LTD.
1655 North Fort Myer Drive
Suite 700
Arlington, VA 22209
(703) 683-5696
Fax (703) 683-2785
E-mail: epfltd@verizon.net

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial as to all issues triable of right by a jury.

_____
Ernest P. Francis